IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

| | |
|---|---|
| **Eugene Parker Fadeley** | Chapter: 7 |
| **Margaret Lourine Fadeley** | Case No.: 09-31575 |

SSN: xxx-xx-9627
SSN: xxx-xx-6289
                            **Debtors.**

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO AMEND DEBTORS' EXEMPTIONS

Margaret Lourine Fadeley, through her undersigned counsel, in support of her Motion to Amend Debtors' Exemptions, says:

### FACTUAL BACKGROUND

Mr. and Mrs. Fadeley filed a Chapter 7 petition on June 18, 2009. A week after their Meeting of Creditors, Mr. Fadeley passed away from a heart attack. Mrs. Fadeley is the beneficiary of Mr. Fadeley's group term life insurance policy provided by his employer, Duke Power a/k/a Duke Energy. On or about August 29, 2009, Mrs. Fadeley received the proceeds of the policy, approximately $106,292.00. Soon thereafter, Attorneys for Mrs. Fadeley reviewed potential claims against Mrs. Fadeley and determined that her liability to her creditors and the Fadeleys' joint creditors would be approximately $56,000. Attorneys for debtors notified the Trustee of Mr. Fadeley's death and, after discussion with the Trustee, instructed Mrs. Fadeley to deposit $70,000 of the proceeds with the Trustee's office on or about November 9, 2009.

After reviewing the claims submitted by Mrs. Fadeley's creditors and the Fadeleys' joint creditors, the Trustee issued his Final Report on November 3, 2010 showing timely claims of general unsecured creditors in the amount of $57,775.60. After deducting Trustee's Fees and Expenses as well as the fees and expenses for the Attorney for the Trustee, as well as the allowable claims, the Trustee's report reflects a surplus of only $2,231.06.

Mrs. Fadeley is sixty-five years old, unable to work, and fully dependent on minimal social security as her sole source of income.

### DEBTORS' MOTION TO AMEND EXEMPTIONS

North Carolina General Statute § 58-58-165, derived from the statute proposed by the National Convention of Insurance Commissioners ("NCIC") in 1917, provides:

> No policy of group insurance, nor the proceeds thereof,
> when paid to any employee or employees thereunder, shall
> be liable to attachment, garnishment, or other process, or to

>be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such employee, ***or his beneficiary***, or any other person who may have a right thereunder, either before or after payment; but the proceeds thereof, when made payable to the estate of the employee insured, shall constitute a part of the estate of such employee available for the payment of debts. (Emphasis added).

This Court has previously held that § 58-58-165 "protects group insurance proceeds from claims by creditors of the insured employee only." In re: Fick, 249 B.R. 108 (Bankr. W.D.N.C. 2000). Mrs. Fadeley urges the Court to reconsider this matter.

A Colorado bankruptcy court completed a thorough analysis of the instant issue in In re: Fahey, 352 B.R. 288 (Bankr. D. Co. 2006). The facts in that case are similar to the instant case. Mr. and Mrs. Fahey filed a joint Chapter 7 petition. Mrs. Fahey passed away the next day. Mr. Fahey was the beneficiary of his wife's group term life policy. After she passed away, Mr. Fahey amended his exemptions to claim the proceeds of the policy pursuant to Colo. Rev. Stat. Ann. § 10-7-205, the Colorado equivalent of N.C.G.S. § 58-58-165, and which like the North Carolina statute, is based on the rules proposed by the NCIC.[1]

The Trustee in Fahey objected to the debtor's exemption arguing that the literal language of the statute only exempts proceeds paid to an employee, as opposed to a beneficiary. The Court rejected this argument, holding that the Trustee's interpretation would mean that group life insurance proceeds paid on the death of an employee would never be exempt because the insurer would not be able to pay the proceeds directly to the deceased employee. Fahey at 291. The Court then undertakes a thorough examination of the statute's legislative history, interpretation of other states' identical or similar exemption statutes, and the consequences of different possible constructions of the statutory language. For brevity of this Motion, and the convenience of this Court, attorneys for Debtors are attaching a copy of the Fahey opinion hereto as Exhibit A. Also attached hereto for the Court's reference, as Exhibit B, are the North Carolina Law Review articles referenced in the Fahey opinion.

The Fahey Court specifically analyzed this Court's holding in In re: Fick as well as the Ohio Court's holding in In re: Heins, 83 B.R. 504 (Bankr. S.D. Ohio 1998), which this Court

---

[1] For the Court's convenience, the text of Colo. Rev. Stat. Ann. § 10-7-205 reads:

No policy of group insurance, nor the proceeds thereof, when paid to any employee thereunder, shall be liable to attachment, garnishment, or other process, or be seized, taken, appropriated, or applied by any legal or equitable process or operation of law, to pay any debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder, either before or after payment, nor shall the proceeds thereof, where not made payable to a named beneficiary, constitute a part of the estate of the employee for the payment of his debts.

1.

cited in Fick.

The Fahey Court held that the Heins Court limitation (a beneficiary must be a dependent of the insured to claim the exemption) and the Fick Court limitations (the exemption is limited to claims of the insured's creditors) were not warranted by the language of the Ohio statute. Fahey at 295.

The Court then conducts a useful analysis of the purpose and nature of group insurance, ultimately concluding that the Colorado statutes provide "an exemption in the proceeds of a policy of group life insurance, as against the debts of the insured or of the beneficiary himself". Id. As North Carolina's statute is nearly identical to the Colorado statute, Mrs. Fadeley urges this Court to reach the same conclusion.

WHEREFORE, Margaret Lourine Fadeley prays the Court that:

1. The Court grant Mrs. Fadeley's Motion to Amend Debtors' Exemptions;

2. The Court grant to Mrs. Fadeley such other and further relief as to the Court seems just and proper.

Dated: 11/11/10

David R. Badger
N.C. State Bar #156
Arathi Nobles
Attorneys for Debtor
N.C. State Bar #35480
DAVID R. BADGER, P.A.
2108 South Boulevard
Suite 118 Atherton Lofts
Charlotte, North Carolina  28203
Telephone:    (704) 375-8875
Facsimile:    (704) 375-8835

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:

**Eugene Parker Fadeley**                          **Chapter:**     7

**Margaret Lourine Fadeley**                       **Case No.:**   09-31575


SSN:    xxx-xx-9627

SSN:    xxx-xx-6289

                                      **Debtors.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he has this date served a copy of the **MOTION TO AMEND DEBTORS' EXEMPTIONS** upon all parties listed below by placing same in the U.S. Postal Service, postage prepaid and addressed as follows:

Margaret Lourine Fadeley
4807 Old Spice Lane
Charlotte, NC 28227

      The undersigned further certifies that he has this date served a copy of the **MOTION TO AMEND DEBTORS' EXEMPTIONS** on all parties listed below by electronic case filing:

Bankruptcy Administrator
Larry Stiles, Trustee
John Taylor, Attorney for Trustee

      Date:_____          _____

                                                    David R. Badger
                                                    N.C. State Bar #156
                                                    Arathi P. Nobles
                                                    N.C. State Bar #35480
                                                    DAVID R. BADGER, P.A.
                                                    Attorneys for Defendant
                                                   2108 South Boulevard
                                                   Suite 118 Atherton Lofts
                                                   Charlotte, North Carolina  28203
                                                   Telephone:     (704) 375-8875
                                                   Facsimile:        (704) 375-8835