IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 09-31575 |
| | ) | Chapter 7 |
| EUGENE PARKER FADELEY and | ) | |
| MARGARET LOURINE FADELEY, | ) | |
| | ) | |
| Debtors. | ) | |

**TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO AMEND DEBTORS' EXEMPTIONS**

Larry M. Stiles, Trustee, hereby objects to Debtors' Motion to Amend Debtors' Exemptions, and in response states as follows:

**BACKGROUND**

On June 18, 2009, Eugene Parker Fadeley ("Mr. Fadeley") and Margaret Lourine Fadeley ("Mrs. Fadeley") filed a joint Chapter 7 bankruptcy petition (collectively "the Debtors"). On July 22, 2009, the Debtors' First Meeting of the Creditors was held. On July 25, 2009, the Trustee filed his Report of No Distribution. On or about July 28, 2009, Mr. Fadeley passed away from a heart attack. Upon information and belief, Mr. Fadeley was the insured of a group term life insurance policy provided by his employer, Duke Power (the "Policy"). Upon information and belief, Mrs. Fadeley was the beneficiary of the Policy. As such, on August 15, 2009, the Trustee withdrew his Report of No Distribution. On or about August 26, 2009, the Debtors' attorney contacted the Trustee regarding the individual liabilities for the Debtors' various accounts.

On or about August 29, 2009, pursuant to the terms of the Policy and within the 180 day period stated in Bankruptcy Code § 541(a)(5), Mrs. Fadeley received approximately $106,292.00 in proceeds from the Policy (the "Proceeds"). On or about October 4, 2010, Mrs. Fadeley filed a pro se letter with this Court, inquiring about the status of her bankruptcy.

On or about November 3, 2010, the Trustee issued his Final Report showing $57,775.60 in timely claims of general unsecured creditors. After deducting applicable costs and fees, the Trustee's Final Report determined that there was a surplus in the amount of $2,231.06. On or about November 9, 2009, Mrs.

Fadeley submitted $70,000.00 of the Proceeds to the Trustee to cover the amounts owed to fully administer the bankruptcy case. On or about November 22, 2010, the Debtor filed a Motion to Amend Debtors' Exemptions to exempt the Proceeds pursuant to N.C. G.S. § 58-58-165.

While the Debtor claims that the Proceeds are exempt pursuant to N.C. G.S. § 58-58-165, there has been no showing of record that the Policy is a group policy as defined by N.C. G.S. §§ 58-58-135, 58-58-140. The Trustee will assume for purposes of this Response that the Policy is a group policy as defined by N.C. G.S. §§ 58-58-135, 58-58-140, while reserving his right to contest whether or not the Policy meets the statutory definition of a group life insurance policy. It is important to note that just because an insurance policy is issued through an employer does not mean the policy is a group policy, per se. Rather, N.C. G.S. § 58-58-150 separately defines "Employee Life Insurance" issued through an employer, which does not appear to be "group insurance" as exempted by N.C. G.S. § 58-58-165.

## DISCUSSION

I.  **This Court should follow its holding set forth in *In re Fick* and the precedent set forth by the North Carolina Court of Appeals in *Dixon* by denying the Debtor's Motion to Amend Exemptions.**

North Carolina General Statutes § 58-58-165 states:

> No policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable to attachment, garnishment, or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder, either before or after payment;

In *In Re Fick*, this Court held "that N.C. G.S. § 58-58-165 protects group insurance proceeds from claims by creditors of the insured employee *only*." 249 B.R. 108 (Bankr. W.D.N.C. 2000) (emphasis added). In *Fick*, the Debtor filed a Chapter 7 Bankruptcy petition listing a gross monthly income of $1,350.50. *Id*. Although the amount included $562.50 listed as "Surviving Spouse" payments, the Debtor failed to claim an exemption referencing the Surviving Spouse income. *Id*. The Debtor later amended her petition to claim the proceeds of her late husband's group insurance policy exempt under N.C. G.S. § 58-58-165. *Id*. The Debtor was the beneficiary of the policy. *Id*. Pursuant to this Court's holding, the Debtor was not allowed to exempt

the proceeds from her husband's group life insurance policy and, therefore, could not shield the proceeds from her own creditors in her bankruptcy case. *Id*.

In so holding, this Court followed a North Carolina Court of Appeals case, which was the only North Carolina case to interpret N.C. G.S. § 58-58-165;. *First National Bank of Shelby v. Dixon*, 38 N.C. App. 430 (1978). In *Dixon*, the defendant was the beneficiary of her late husband's insurance policies. *Id.* at 431. The proceeds of the policies were included in the decedent's gross estate for tax allocation purposes. *Id*. The administrator of the decedent's estate brought a declaratory judgment action to determine if the defendant was liable for the taxes owed due to the inclusion of the policies' proceeds. *Id*. The defendant argued that the proceeds were exempt pursuant to the predecessor of N.C. G.S. § 58-58-165; formally N.C. G.S. § 58-213. *Id*. The North Carolina Court of Appeals held that the exemption was inapplicable to the *Dixon* case because the exemption applied only to liabilities of the insured employee. *Id.* at 436.

Here, the Debtor acquired group insurance policy proceeds within the 180 day period stated in Bankruptcy Code § 541(a)(5). No exemption was claimed in the Proceeds until almost one and a half years post-petition when the Debtor's Motion was filed on November 22, 2010. Although the Debtor has cited one Colorado Bankruptcy case in support of her position, this Court should follow its holding in *Fick* as well as the precedent set forth by the North Carolina Court of Appeals in *Dixon*. To date, *Dixon* is the only North Carolina case and this Court's decision in *Fick* is the only Bankruptcy Case in North Carolina interpreting N.C. G.S. § 58-58-165. According to North Carolina law, group insurance proceeds are only exempt under N.C. G.S. § 58-58-165 from creditors of the insured employee, not the debtor beneficiary. The Debtor is attempting to claim the Proceeds exempt from her own creditors rather than the creditors of her husband. As a result, the Debtor's Motion to Amend Exemptions to exempt her late husband's group insurance policy proceeds should be denied, as the Proceeds are not exempt as to creditors of the Debtor.

WHEREFORE, the Trustee respectfully prays the Court that it enter an order denying the Debtors' Motion to Amend Exemptions, and for such other and further relief as the Court deems just and proper.

DATED this 7th day of December, 2010.

/s/ Jessica V. Shaddock
John W. Taylor, N.C. Bar No. 21378
Jessica V. Shaddock, N.C. Bar No. 41578
Attorneys for Trustee
13777 Ballantyne Corporate Place, Suite 320
Charlotte, NC  28247
(704) 540-3622

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have served a copy of the TRUSTEE'S RESPONSE TO DEBTORS' MOTION AMEND EXEMPTIONS, by either Electronic Case Filing as indicated or depositing copies of same in the exclusive care and custody of the United States Postal Service, with proper postage thereto affixed to the below listed parties this 7th day of December, 2010.

| | |
|---|---|
| David R. Badger,<br>Attorney for Debtor | Via Electronic Case Filing |
| Linda W. Simpson,<br>Bankruptcy Administrator | Via Electronic Case Filing |
| Larry M. Stiles,<br>Trustee | Via Electronic Case Filing |

/s/ Jessica V. Shaddock
John W. Taylor, N.C. Bar No. 21378
Jessica V. Shaddock, N.C. Bar No. 41578
Attorneys for Trustee
13777 Ballantyne Corporate Place, Suite 320
Charlotte, NC  28247
(704) 540-3622