

FILED & JUDGMENT ENTERED
Steven T. Salata

Feb 01 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

IN RE:

| | |
|---|---|
| **Eugene Parker Fadeley** | **Chapter:** 7 |
| **Margaret Lourine Fadeley** | **Case No.:** 09-31575 |

SSN: xxx-xx-9627
SSN: xxx-xx-6289

                                      **Debtors.**

## ORDER

This cause, coming on to be heard, being heard on the Motion of Debtor, Margaret Lourine Fadeley, to amend her exemptions and the Court having reviewed the file and heard the contentions of David R. Badger, attorney for Debtor and Jessica Shaddock as Counsel for John Taylor, attorney for Trustee Larry Stiles, makes the following findings of facts and conclusions of law:

1. On June 18, 2009, Eugene Parker Fadeley and Margaret Lourine Fadeley filed a joint Chapter 7 bankruptcy petition. One week after their meeting of creditors, Mr. Fadeley passed away from a heart attack;

2. As a result of Mr. Fadeley's group term life insurance policy provided by his employer, Duke Power aka Duke Energy, on or about August 29, 2009 Mrs. Fadeley ("Debtor") received the proceeds of said policy in the amount of $106,292.00. By agreement with the Trustee, Counsel for Debtor reviewed potential claims against Debtor and determined that her liability to her creditors and her liability to creditors jointly with her late husband would be approximately $56,000.00. As a result, $70,000.00 of the life insurance proceeds was deposited with the Trustee's office on or about November 9, 2009;

3. The initial Trustee's Final Report filed November 3, 2010 indicated claims to general unsecured creditors in the amount of $57,775.60 attributable to Debtor individually or jointly with her late husband;

4. At a Status Hearing held November 8, 2010, counsel for Debtor and the Trustee became aware of the applicability of North Carolina General Statutes § 58-58-165 enacted in 1917 which provides:

> No policy of group insurance, nor the proceeds thereof, when paid to any employee or employee's thereunder, shall be liable to attachment, garnishment or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such employee, or his beneficiary, or any other person who may have a right thereunder, either before or after payment; but the proceeds thereof, when made payable to the estate of the employee insured shall constitute a part of the estate of such employee available for payment of debts.

5. Accordingly, counsel for Debtor filed a Motion to Amend Debtor's Exemptions and agreed with Trustee that due to the belated nature of the motion, that Debtor would not object to Trustee commissions being computed and paid on the distribution to creditors proposed in the Trustee's Final Report filed November 3, 2010 in the following amounts:

| | |
|---|---|
| Trustee fees (commissions) | $ 6,639.33 |
| Accountant for Trustee fees | $ 285.00 |
| Trustee expenses | $ 25.00 |
| Attorney for Trustee fees | $ 2,489.00 |
| Attorney for Trustee expenses | $ 87.75 |
| Total Chapter 7 Administrator expenses | $ 9,526.08 |

6. As a result of the foregoing, the Trustee withdrew his initial Trustee's Report pending determination of the Motion to Amend Debtor's Exemptions and Trustee's Response to Debtor's Motion to Amend Debtor's Exemptions;

7. As set forth in the Memorandum of Law in Support of Motion to Amend Debtor's Exemptions, this Court previously held that North Carolina General Statutes § 58-58-165 "protects group insurance from claims by creditors of the insured employee only." In re Fick 249 B.R. 108 (Bankr. W.D.N.C. 2000). Subsequent to issuance of the Fick decision, Bankruptcy Judge Elizabeth Brown decided the case of In re: Weldon Thomas Fahey and Loretta Ann Fahey (deceased) in the United States Bankruptcy Court for the District of Colorado on September 21, 2006. Said case was reported at 352 B.R. 288; 2006 Bankr. LEXIS 2736. In her decision, Judge Brown held that the statutory language of Col. Rev. Stat. Ann. § 10-7-205, like North Carolina General Statues § 58-58-165, was derived from the National Convention of Insurance Commissioners ("NCIC") in 1917, that the statutory language was ambiguous and that it was necessary to examine the statute's legislative history, interpretation of other states' identical or similar exemption statutes, and the consequences of different possible constructions of the statutory language. After her exhaustive examination of the origin of the similar statutes in Colorado and other states, including North Carolina, Judge Brown concluded that the Colorado statute provided an exemption for a named beneficiary in the proceeds of the policy of group life insurance as against the debts of the insured or of the beneficiary.

8. At the hearing on the Motion to Amend Debtor's Exemptions, it was also pointed out to the Court that this Court's Fick decision relied upon a 1988 Ohio case which had been distinguished by subsequent decisions construing similar Ohio statutes and one of those provided for the exemptability of the group life insurance policy proceeds from claims of the beneficiary's creditors.

9. In revisiting the purpose of NCIC and its progeny with the benefit of guidance of Judge Brown's decision and the authorities relied upon therein, this Court is persuaded to reverse its Fick decision;

10. The Court was made aware that the Debtor has experienced a 50% decrease in Social Security benefits since her husband's passing and that despite experiencing five (5) strokes, she has been determined to be ineligible for Social Security Disability benefits. She is sixty-five (65) years old and unable to work.

11. The parties have stipulated that the above Chapter 7 administrative expenses incurred through November 3, 2010 would be paid from the funds presently held by Trustee;

Based upon the foregoing findings and facts and conclusions of law, it is ORDERED, ADJUDGED AND DECREED:

1. The Motion to Amend Debtor's Exemptions is allowed;

2. As stipulated by the parties, the Chapter 7 administrative expenses in the amount of $9,526.08 contained in the Trustee's Final Report filed November 3, 2010 are allowed and the Trustee shall immediately make the distributions in the amount set forth above from the funds on hand;

3. As it is anticipated that additional Chapter 7 administrative expenses may be sought by the Trustee, Attorney for the Trustee, and Accountant for the Trustee for services and expenses subsequent to November 3, 2010, and it is further likely that Debtor may object to all or some amount of those proposed additional distributions, the Trustee is authorized to distribute immediately the remaining estate proceeds in the following manner:

    A. Trustee shall withhold the greater amount of $10,000.00 or the total amount of Chapter 7 administrative expenses incurred subsequent to November 3, 2010 pending this Court's determination as to the amounts to be approved;

    B. The remaining balance of the bankruptcy estate shall be immediately distributed to the Debtor;

    C. Any funds not distributed as Chapter 7 administrative expenses incurred subsequent to November 3, 2010 shall also be distributed to Debtor immediately upon determination of those amounts by the Court.

*This Order Has Been Signed*             UNITED STATES BANKRUPTCY COURT
*Electronically. The Judges*
*Signature & Court Seal Appear*
*At the Top of the Order*